IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **NOVELPOINT TRACKING LLC**<br><br>          Plaintiff,<br><br>     v.<br><br>**DELL INC.**<br><br>          Defendant. | **Case No. 2:12-cv-00743**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NovelPoint Tracking LLC files this Complaint against Dell Inc. ("Defendant") for infringement of United States Patent No. 6,442,485.

## THE PARTIES

1.     Plaintiff NovelPoint Tracking LLC ("NPT") is a Texas limited liability company with its principal place of business at 1300 Ballantrae Dr., Allen TX, 75013 in the Eastern District of Texas.

2.     Defendant Dell Inc. is a Delaware Corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682.  Dell products are sold to customers located in the Eastern District of Texas and can be purchased online or via telephone for shipment to anywhere in the United States, including locations in the Eastern District of Texas.  Defendant's Registered Agent in the State of Texas is Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## NATURE OF THE ACTION

3.     This is a civil action for infringement of United States Patent No. 6,442,485 (the "Patent-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant has committed acts of infringement in the United States and maintains a place of business in this district and is deemed to reside in this district for purposes of this action.

6.     This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant has committed, and continues to commit, acts of infringement in the State of Texas, including in this district and/or has engaged in continuous and systematic activities in the State of Texas, including in this district.

## THE PATENT-IN-SUIT

7.     The Patent-in-Suit, entitled "Method and Apparatus for an Automatic Vehicle Location, Collision Notification, and Synthetic Voice," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2002.  A copy of the Patent-in-Suit is attached hereto as Exhibit A.

8.     NPT is the exclusive owner of all rights, title, and interest in the Patent-in-Suit, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

## INFRINGEMENT OF THE PATENT-IN-SUIT

9.     NPT incorporates paragraphs 1 through 9 by reference as if fully stated herein.

10. The Patent-in-Suit is valid and enforceable.

11. Defendant has directly infringed, and continues to directly infringe, one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing products and/or methods encompassed by those claims.

12. Third parties, including Defendant's affiliates, agents, and customers, have infringed, and continue to infringe, one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using, selling, and/or offering for sale in the United States, and/or importing into the United States, products supplied by Defendant.

13. Upon information and belief, based on the information presently available to NPT, absent discovery, and in the alternative to direct infringement, NPT contends that Defendant has induced infringement, and continues to induce infringement, of one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(b). Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the Patent-in-Suit by making, using, importing, and selling or otherwise supplying products to third parties, including at a minimum its affiliates, agents, and customers, with the knowledge and intent that such third parties will use, sell, offer for sale, and/or import, products supplied by Defendant to infringe the Patent-in-Suit; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to such products.

14. Upon information and belief, based on the information presently available to NPT, absent discovery, and in the alternative to direct infringement, NPT contends that Defendant has contributed, and continues to contribute, to the infringement by third parties (including its affiliates, agents, and customers) of one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(c) by selling, offering for sale, and/or importing Defendant's products, knowing that those products constitute a material part of the inventions of the Patent-in-Suit, knowing that those products are especially made or adapted to infringe the Patent-in-Suit, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

15. Defendant's Dell Venue smartphone is an example of an infringing product and/or method.

16. NPT put Defendant on notice of the Patent-in-Suit and Defendant's infringement thereof at least as early as the date of filing of this complaint.

17. NPT has been and continues to be damaged by Defendant's infringement of the Patent-in-Suit.

18. Defendant's actions complained of herein are causing irreparable harm and damages to NPT and will continue to do so unless and until Defendant is enjoined and restrained by the Court.

19. Defendant's conduct in infringing the Patent-in-Suit renders this case exceptional within the meaning of 35 U.S.C. § 285.

## JURY DEMAND

20. Plaintiff NPT hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NPT prays for judgment as follows:

  A. That Defendant has infringed one or more claims of the patent-in-suit;

  B. That Defendant account for and pay all damages necessary to adequately compensate NPT for infringement of the patent-in-suit, such damages to be determined by a jury, and that such damages be trebled and awarded to NPT with pre-judgment and post-judgment interest;

  C. That Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or actively participating with them, be permanently enjoined from directly or indirectly infringing the patent-in-suit; or, in the alternative, judgment that Defendant account for and pay to NPT an ongoing post-judgment royalty reflecting Defendant's deliberate continuing infringement;

  D. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that NPT be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

  E. That NPT be awarded such other and further relief as this Court deems just and proper.

DATED: December 2, 2012    Respectfully submitted,

             __/s/ Everett Upshaw_____
             Everett Upshaw
             LAW OFFICE OF EVERETT UPSHAW, PLLC
             13901 Midway Rd. Suite 102-208
             Dallas TX  75244
             P:  214.680.6005
             everettupshaw@everettupshaw.com

             Rhiannon Kelso
             LAW OFFICE OF EVERETT UPSHAW, PLLC
             13901 Midway Rd. Suite 102-208
             Dallas TX  75244
             P:  469.371.3303
             rhiannonkelso@everettupshaw.com
             *ATTORNEYS FOR PLAINTIFF*